CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 31, 2017

LETTER TO COUNSEL

    RE:    *Martin G. Haiber v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-3396

Dear Counsel:

On October 11, 2016, Plaintiff Martin G. Haiber petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and the Plaintiff's reply. [ECF Nos. 21, 25, 28]. In addition, I have reviewed the parties' supplemental briefing regarding the impact of the Fourth Circuit's recent decision in *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017).[1] [ECF Nos. 23, 24]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Haiber filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 24, 2012. (Tr. 195-98, 199-207). He alleged a disability onset date of September 1, 2007. (Tr. 195). His claims were denied initially and on reconsideration. (Tr. 52-67, 70-85). A hearing was held on January 22, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 26-51). Following the hearing, the ALJ determined that Mr. Haiber was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-21). The Appeals Council ("AC") denied Mr. Haiber's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Haiber suffered from the severe impairments of "congestive heart failure, cardiomyopathy, asthma, gastritis, and osteoarthritis." (Tr. 13). Despite these impairments, the ALJ determined that Mr. Haiber retained the residual functional capacity ("RFC") to:

---

[1] The parties were notified of the potentially relevant ruling in *Lewis* in a letter order dated June 5, 2017. [ECF No. 22]. The letter order provided the parties with an opportunity to determine whether supplemental briefing was necessary to address the apparent *Lewis* issue. Mr. Haiber filed his supplemental brief on June 19, 2017, (ECF No. 23), and the Commissioner timely filed her response on June 28, 2017, (ECF No. 24).

>perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can occasionally climb ropes, ladders, and scaffolds; can frequently reach overhead and in all directions with his right upper extremity; can perform frequent handling with his right upper extremity; and must avoid concentrated exposure to extreme cold, fumes, odors, dusts, and gases.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Haiber could perform jobs existing in significant numbers in the national economy and therefore was not disabled. (Tr. 20-21).

Mr. Haiber raises two arguments on appeal: (1) that the ALJ erroneously failed to assess whether his impairments met or equaled the criteria of Listing 1.04A, and (2) that the ALJ's decision runs afoul of the Fourth Circuit's decision in *Lewis*. I agree that the ALJ should have performed a Listing 1.04A analysis, and I therefore remand the case. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Haiber is not entitled to benefits is correct.

First, Mr. Haiber argues that the ALJ erred at the third step of the sequential evaluation by failing to assess whether his impairments met or equaled the criteria set forth in Listing 1.04A. Pl. Mot. Summ. J. 9-17. Specifically, Mr. Haiber contends that the ALJ was obligated to consider Listing 1.04A, because Mr. Haiber "undoubtedly established all four symptoms of nerve compression required by [Listing] 1.04A and that he suffered or was expected to suffer from such nerve compression continuously for at least twelve (12) months." *Id.* at 17. As an initial matter, the ALJ's "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986)); *see also Kosisky v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016) ("[U]nder existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met.") (citations omitted). The claimant "bears the burden of demonstrating that his impairment meets or equals a listed impairment." *Krouse v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-128, 2017 WL 532278, at *2 (D. Md. Feb. 9, 2017) (citing *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986)).

Relevant to the instant case, Listing 1.04A governs disorders of the spine "resulting in compromise of a nerve root [] or the spinal cord." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. To demonstrate that his impairments meet or equal the Listing 1.04A criteria, the claimant must offer "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" *Id.* Listing 1.04A requires that "each of the symptoms are [sic] present, and that the claimant has

suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013) (citation omitted).

In the instant case, the ALJ erroneously failed to assess whether Mr. Haiber's impairments met or equaled the criteria set forth in Listing 1.04A. Most notably, many of the Listing 1.04A criteria appear to have been present in Mr. Haiber's case during the relevant time frame, including neuro-anatomic distribution of pain in his cervical spine that "radiate[s] or spread[s] . . . [and] "tends to travel into [sic] from neck up into head," (Tr. 361), "reduced right shoulder range of motion, [and] reduced cervical range of motion," (Tr. 18, 301-03), "reduced right upper extremity strength at 4/5, and slightly reduced right grip strength at 4 to 5/5" with decreased sensation on his right side, *id.*, and a positive straight-leg raising test, (Tr. 303). *See Weems v. Comm'r, Soc. Sec.*, SAG-12-2993, 2013 WL 4784124, at *2 (D. Md. Sept. 5, 2013). Indeed, it appears that the ALJ intended to assess Mr. Haiber's impairments under a listing related to "disorders of the spine," but instead inexplicably applied the Listing 1.02 criteria related to "[m]ajor dysfunction of a joint[.]" *See* (Tr. 14) (noting that "the undersigned evaluated the claimant's impairments under Section[] 1.02 (disorders of the spine)"); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.02, 1.04. Given that Mr. Haiber had no impairment implicating significant joint dysfunction, it seems clear that the ALJ simply evaluated the wrong listing. Accordingly, the ALJ failed to evaluate whether Mr. Haiber's impairments met or equaled the criteria set forth in Listing 1.04A, as required. Remand is therefore warranted.

Turning to the next argument, Mr. Haiber argues that the ALJ's decision runs afoul of the Fourth Circuit's decision in *Lewis* because the ALJ "failed to apply the proper legal standard in discrediting [his] subjective limitations of fatigue and pain." Pl.'s Suppl. Br. 3. Specifically, Mr. Haiber contends that the ALJ "did not adequately discuss why [his] complaints of disabling pain were not fully credited." *Id.* at 5. In *Lewis*, the Fourth Circuit held that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions. 858 F.3d at 866. Social Security regulations do not permit an ALJ to "reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [his] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [his] statements." *Id.* (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)); *see also* SSR 96-7p, 1996 WL 374186, at *5 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). To determine the credibility of the claimant's statements, the ALJ should also "consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations." *Hardy v. Berryhill*, Civil Action No. ADC-16-3709, 2017 WL 3917010, at *3 (D. Md. Sept. 6, 2017) (citation omitted).

Here, the ALJ properly evaluated Mr. Haiber's credibility. First, the ALJ found that Mr. Haiber's own testimony undermined his subjective complaints of alleged physical symptoms. The ALJ noted that Mr. Haiber testified that he could regularly perform a wide range of activities, including "clean his room, drive, read a newspaper, write, count change, bathe without

assistance, dress himself, prepare his meals, mop his room, go to the laundromat to do laundry, shop for groceries, watch television, and care for his pet cat." (Tr. 19). The ALJ concluded that "[t]hese activities reveal a significantly greater physical functional capacity than alleged." *Id.* Moreover, the ALJ opined that Mr. Haber "has sought and received only minimal routine and conservative treatment[,] . . . [and] has not received any surgery, used a TENS unit or brace, utilized an assistive device, or attended physical therapy." (Tr. 18-19). The ALJ also noted that the record revealed "only a couple of appointments with a pain management specialist," and that Mr. Haiber has managed his symptoms through medication. *Id.* The ALJ concluded that the conservative nature of Mr. Haiber's treatment further undercut the alleged severity of the claimant's symptoms. *Id.*; *see Dunn v. Colvin*, 607 F. App'x 264, 273 (4th Cir. 2015) (recognizing that "it is appropriate for the ALJ to consider the conservative nature of a plaintiff's treatment—among other factors—in judging the credibility of the plaintiff"). Finally, the ALJ cited to Mr. Haiber's medical records, which revealed a "normal gait, normal left grip strength, normal left upper extremity strength, normal left shoulder range of motion, normal lumbar range of motion, and normal deep tendon reflexes." (Tr. 18); *see also* (Tr. 302-03). Accordingly, the ALJ properly assessed Mr. Haiber's credibility on the record, and remand is not warranted on this basis.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, (ECF No. 21), is DENIED, and the Defendant's Motion for Summary Judgment, (ECF No. 25), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge